BOWMAN AND BROOKE LLP
Richard L. Stuhlbarg (SBN: 180631)
richard.stuhlbarg@bowmanandbrooke.com
Jennifer C. Koo (SBN: 309721)
jennifer.koo@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No.:  310/ 768-3068
Fax No.: 310/ 719-1019

Attorneys for Defendant,
FCA US LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID C. MASSEY,<br><br>        Plaintiff,<br><br>vs.<br><br>FCA US LLC; AND DOES 1 through 10, inclusive;<br><br>        Defendants. | CASE NO.:<br><br>(Removed from California Superior Court, Kern County – Case No. BCV-21-100345)<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL**<br><br>Action Filed: February 17, 2021<br>Trial:        None |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FCA US LLC ("FCA US"), by its counsel BOWMAN AND BROOKE LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. BCV-21-100345 of the Superior Court of California, County of Kern. In support of this removal, FCA US states as follows:

/ / /

**THE REMOVED CASE**

1. The removed case is a civil action commenced in the Superior Court of California, County of Kern by Plaintiff Ingrid C. Massey ("Plaintiff") against Defendants FCA US and CJM Automotive Group, Inc. dba Bakersfield Chrysler Jeep Fiat Ram ("Bakersfield,") entitled *Ingrid C. Massey v. CJM Automotive Group, Inc. dba Bakersfield Chrysler Jeep Fiat*, Case No. BCV-21-100345 (the "State Action.")

2. Plaintiff filed the State Action on February 17, 2021 asserting breach of the express warranty under California's Song-Beverly Consumer Warranty Act against FCA US. Plaintiff also asserts fraudulent inducement – concealment against FCA US and breach of the implied warranty of merchantability against Bakersfield. (*See* Complaint.)

3. Plaintiff filed a Request for Dismissal of Defendant Bakersfield ("RFD") on August 17, 2021.

**PROCEDURAL REQUIREMENTS**

4. Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. (28 U.S.C. § 1446(b).) If a case is not initially removable, a notice of removal may be filed within 30 days after the defendant's receipt, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be ascertained that the case is one that is or has become removable. (20 U.S.C. § 1446(b)(3).) Plaintiff filed her RFD on August 17, 2021. (Koo Decl., ¶11, Ex. H.) On this same day, FCA US analyzed the RFD, Complaint, and Sales Contract, and determined this matter is removable based on subject matter diversity jurisdiction. (*Id*. at ¶18.)

5. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since August 17, 2021 has not elapsed. Accordingly, this Notice of Removal is timely filed.

///

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA US's possession are contained in **Exhibits A-L** filed herewith. (Koo Decl., ¶¶ 4-15.)

7. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place in which the State Action has been pending.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Kern promptly after filing of same in this Court.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

10. If any question arises as to the propriety of the removal of this action, FCA US requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA US's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

12. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332)

13. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold.'" (*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).)) "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." (*Dart*, 135 S. Ct. at 553.)

14. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." (*Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. (*Id.*) Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." (*Ibarra*, 775 F.3d at 1195.) At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." (*Abrego*, 443 F.3d at 691.) (internal citation omitted).

15. Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides <u>plausible explanation</u> for how the amount in controversy is met, the matter should remain in federal court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (emphasis added). The Ninth Circuit has repeatedly found that the "**amount at stake** in the underlying litigation." *Fritsch v. Swift Transportation Company of Arizona, LLC* (9th Cir. 2018) 899 F.3d 785, 793 quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (quoting *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) (Bold supplied.)

16. FCA US disputes that it is liable for any damages to Plaintiff. Nevertheless, FCA US can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. (*See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).) The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. (*Id.*)

17. In the case at bar, Plaintiff seeks monetary damages in an amount that is not less than $25,001.00 (Compl., ¶10), punitive damages (Compl., Prayer for Relief, p. 25:15), and a "civil penalty up to two times the amount of actual damages" pursuant to his Song Beverly Consumer Warranty Act causes of action (Compl., ¶¶123-125, 133, 137, and Prayer for Relief, p. 25:5-6.) Plaintiff alleges breach of the express warranty under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) and fraudulent inducement – concealment against FCA US (*See* Compl.).

18. Plaintiff alleges that on or about April 9, 2013, Plaintiff purchased a 2013 Chrysler Town & Country, VIN: 2C4RC1BG7DR647490 ("Subject Vehicle"), and it contained, or later developed, defects related to the engine, transmission, and electrical system. (Compl., ¶¶7 and 9.) Plaintiff alleges FCA US has been "unable to serve or repair the Subject Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." (Compl., ¶121.)

19. Plaintiff alleges she is entitled to relief under the Song-Beverly Consumer Warranty Act cause of action asserted against FCA US including: actual damages; restitution; civil penalty in the amount two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e); consequential and incidental damages; Plaintiff's reasonable attorney's fees and costs of this suit; rescission of the purchase contract; rescission of the purchase contract under California Civil Code section 1692; prejudgment interest at the legal rate; punitive

1  damages, and other relief as the Court may deem proper. (Compl., Prayer for
2  Relief, p. 25:1-16.)

3      20.    The amount in controversy calculation includes civil penalties under
4  the Song-Beverly Act. (*Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004,
5  1009 (N.D. Cal. 2002).) The amount in controversy calculation also includes
6  reasonable estimates of attorneys' fees. (*Id*. at 1011; *Guglielmino v. McKee Foods
7  Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d
8  1150, 1156 (9th Cir. 1998).)

9      21.    Additionally, the *Brady* Court agreed with the substantial line of cases
10 that held that a reasonable estimate of fees likely to be recovered may be used in
11 calculating the amount in controversy. (*See Miera v. Dairyland Ins. Co.,* 143 F.3d
12 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029,
13 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc.,* 58 F.Supp.2d 1261,
14 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc.,* 804 F.Supp.
15 1ll, 116-17 (D.Colo.1992).) In doing so, the Court noted that Mercedes Benz USA
16 submitted a declaration detailing fee awards in similar lemon law cases wherein
17 attorneys' fees of over $60,000 were awarded. (*Brady v. Mercedez Benz*, 243 F.
18 Supp. 2d 1004, 1009 (N.D. Cal. 2002).) As a result, this Court may also consider
19 the reasonable estimate of fees in this case as part of the amount in controversy
20 analysis.

21     22.    The Song-Beverly Act allows for the recovery of attorney's fees,
22 which regularly exceed $100,000.

23     23.    If Plaintiff was to prevail on her Song-Beverly Act claim, she could
24 be awarded damages of $75,000.00 or more if awarded statutory civil penalties,
25 punitive damages, and attorneys' fees. Plaintiff alleges she suffered damages of not
26 less than $25,001.00 (Compl., ¶10) and adding $50,002.00 as a two times civil
27 penalty pursuant to the Song Beverly Act, totals at least $75,003.00. (Koo Decl.,
28 ¶18.) Furthermore, based on the sales contract, the total sales price of the Subject

1  Vehicle is $39,887.92. (*Id*.) The total sales price plus $79,775.84 as a double civil
2  penalty pursuant to the Song-Beverly Act, totals $119,663.76[1]. (*Id*.) Additionally,
3  while punitive damages are typically limited to a single digit multiplied, such an
4  award in this case can exceed $225,00.00 based on the damages alleged in the
5  Complaint. (*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 US 408, 424-425
6  (2003).) Adding these amounts to reasonable attorney's fees which a party is
7  entitled to under the Song-Beverly Act, which can be reasonably considered to be
8  at least $35,000.00, it is more likely than not that the amount in controversy
9  exceeds $75,000.00.

10  24.  Thus, the total amount in controversy therefore exceeds $75,000.00.
11  The amount in controversy is satisfied. Cal. Civ. Code § 1793.2(d)(2)(B) - (C); §
12  1794(c)). 21,186.72

## DIVERSITY OF CITIZENSHIP EXISTS

25.  The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).) A party's residence is prima facie evidence of domicile, and only if that party disputes

---

[1] FCA US notes Plaintiff's last payment for the Subject Vehicle was due on April 23, 2019. Per the sales contract, Plaintiff has paid a minimum of $39,887.92 to date for the Subject Vehicle. Additionally, the mileage offset in the subject case is $5,857.38 because the mileage at the first visit was 26,512 miles. $39,887.92 minus $5,857.38 equals $34,030.54. If we add a double civil penalty to $34,030.54, our total becomes $102,021.62. As seen, even with the mileage offset, the amount in controversy still exceeds $75,000. (See *Messih v. Mercedes-Benz USA, LLC* (N.D. Cal., June 24, 2021, No. 21-CV-03032-WHO) 2021 WL 2588977 found diversity jurisdiction was proper because Mercedes sufficiently established the amount in controversy exceeds $75,000 given plaintiff's actual damages and civil penalties. The court did not need to consider Mercedes' estimate of attorney fees because once actual damages and civil penalties were added together, the total amount exceeded $75,000.)

domicile is the removing party required to provide proof of domiciliary intent. (*See, e.g., State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). "It is assumed … that a person's current residence is also his domicile." (13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013).)

26. "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." (*Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).)

27. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..." (28 U.S.C. §1446(b)(3).)

28. Plaintiff is and was at the time of filing of the Complaint, a resident of California. The Complaint alleges Plaintiff is a resident of Kern County, California. (Compl., ¶2.) The sales contract and TransUnion report show that she resides in Bakersfield, California. (*See*, TransUnion report, **Exhibit M** to Koo Decl., ¶13) (*See, Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] [a plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary.].) Plaintiff has resided in California since at least 2011. (*See*, TransUnion report, **Exhibit N** to Koo Decl., ¶16.) After 10 years of residing in California, there is no indication that Plaintiff intends to leave and relocate to Michigan or Delaware.

29.   FCA US is and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Michigan. (*See* FCA US's Notice of Parties with Financial Interest, concurrently filed with this Removal.) The sole member of FCA US is FCA North America Holdings LLC, a limited liability company organized under Delaware law with its principal place of business in Michigan. (*Id*.) The sole member of FCA North America Holdings LLC is FCA Holdco B.V., a company organized under Netherlands law with its principal place of business at Singaporestraat 921175 RA Lijnden, Nethlands. (*Id*.) The sole member of FCA Holdco B.V. is Stellantis N.V., a public traded company incorporated under the laws of the Netherlands with its principal place of business Singaporestraat 921175 RA Lijnden, Nethlands.  (*Id*.)

30.   Complete diversity existed as of the time this action was filed, as well as the date of this notice. (*See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).)

## **CONCLUSION**

31.   Consequently, the State Action may be removed to this Court by FCA US in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

DATED: September 16, 2021                    BOWMAN AND BROOKE LLP

                                             BY:  */s/ Jennifer C. Koo*
                                                  Richard L. Stuhlbarg
                                                  Jennifer C. Koo
                                                  Attorneys for Defendant,
                                                  FCA US LLC

# PROOF OF SERVICE
### F.R.C.P Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Los Angeles, California 90502 and e-mail address is: regina.foley@bowmanandbrooke.com.

On **September 16, 2021,** I served the foregoing document described as **DEFENDANT FCA US LLC'S NOTICE OF REMOVAL** on all interested parties in this action by transmitting an electronic copy as follows:

| | |
|---|---|
| Tionna Dolin, Esq.<br>STRATEGIC LEGAL PRACTICES, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067 | **ATTORNEYS FOR PLAINTIFF**<br><br>Tel: 310/ 929-4900<br>Fax: 310/ 943-3838<br>Email: tdolin@slpattorney.com<br>emailservices@slpattorney.com |

**( X ) BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided that during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

**( ) BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (F.R.C.P. Rule 5(b)(2))**: I sealed such document(s) in separate envelopes for each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

Executed on **September 16, 2021**, at Long Beach, California.

(X) (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

_____
Regina Foley