UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ingrid C. Massey, | 1:21-cv-01392-NODJ-CDB |
| Plaintiffs, | ORDER |
| v. | |
| FCA US LLC et. al., | |
| Defendants. | |

Plaintiff Ingrid Massey moves to remand this case to Kern County Superior Court.  Ms. Massey argues the defendant, FCA US LLC, has not shown more than $75,000 is in controversy, which if so would mean this court lacks jurisdiction.  As explained in this order, the court finds FCA US LLC has established it is more likely than not the amount in controversy exceeds $75,000.  **The court denies the motion to remand.** [1]

**I.    BACKGROUND**

In 2013, Ms. Massey bought a Chrysler minivan manufactured by FCA.  *See* Compl. ¶ 7.  She received various warranties to cover potential problems with the car.  *Id.* ¶ 8.  She then experienced a variety of problems with the car.  *Id.* ¶ 9.  After several attempts to fix these

---

[1] In the interests of justice and addressing the heavy civil caseloads in the Fresno courthouse, the undersigned resolves only the pending motion to remand, ECF No. 7.  Upon resolution of this motion, unless or until otherwise ordered by the court, the case will remain as currently assigned and will retain case number 1:21-cv-01392-NODJ-CDB.

problems, she requested FCA repurchase the minivan. *Id.* ¶ 21.  FCA refused. *Id.*  Ms. Massey also believes FCA concealed its knowledge of a particular defect. *Id.* ¶ 59.

Ms. Massey originally filed this action in state court.  Her complaint includes six claims: violations under the California Song-Beverly Consumer Warranty Act (claims one, two, and three), breach of express and implied warranties under the California-Song Beverly Act (claims four and five), and fraudulent inducement (claim six). *See generally id.*  Ms. Massey does not allege a specific amount in damages; she alleges she "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." *Id.* ¶ 10.  She also seeks restitution, civil penalties in the amount of two times plaintiff's actual damages under Civil Code section 1794 (c) or (e), consequential damages, incidental damages, reasonable attorneys' fees, restitution of all monies expended, rescission of purchase contract under California Civil Code section 1692, prejudgment interest, punitive damages, and any other relief the court may deem proper. *See id.* at 25 (prayer).

FCA removed this action to this court based on the parties' diversity and the amount in controversy.  Not. Removal, ECF No. 1.  Ms. Massey moves to remand, contending FCA has not carried its burden to show damages exceed $75,000. *See generally* Mot. Remand.  FCA opposes the motion, *see generally* Opp'n, ECF No. 11, and Ms. Massey has replied, *see generally* Reply, ECF No. 13.

Ms. Massey requests judicial notice of various remand orders in other cases.  Request for Judicial Notice (RJN), ECF No. 8.  FCA opposes that request because it believes the cited orders are irrelevant, but in the alternative, it asks the court to take judicial notice of various other remand orders.  Opp'n, Request for Judicial Notice, ECF No. 12.  The court will consider other district court decisions the parties cite, but judicial notice of them is not necessary. *See, e.g.*, *United States v. Pac. Health Corp.*, No. 12-960, 2014 WL 12859893, at *3 (C.D. Cal. Nov. 5, 2014) (collecting authority to show it is unnecessary to take judicial notice of publicly available court decisions).  Ms. Massey's request for judicial notice is **denied.**

## II.   LEGAL STANDARD

When a federal district court would have original jurisdiction over an action originally filed in state court, the action may be removed to federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and the case is diverse, meaning it is between citizens of different states. 28 U.S.C. § 1332. The amount in controversy is an "estimate of the total amount in dispute." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). When the amount of damages is unspecified, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). To determine if the amount in controversy is met, district courts consider the complaint, allegations in the petition for removal, and "summary-judgment-type evidence relevant to the amount in controversy." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citation omitted).

## III.   ANALYSIS

The parties dispute only whether the amount in controversy exceeds $75,000. As noted above, Ms. Massey seeks actual, consequential, incidental, and punitive damages. She also seeks restitution, civil penalties, reasonable attorneys' fees, rescission of the purchase price, prejudgment interest, and any other relief the court may deem proper.

The court begins with the request for actual damages. As noted, Ms. Massey alleges she "suffered damages" of at least $25,001.00. Compl. ¶ 10. In isolation, that allegation could suggest her actual damages were $25,001 and that any penalties, fees, and other relief were additional. In her motion to remand, however, Massey clarifies she uses the word "damages" to refer to not only her actual damages but also to all penalties, attorneys' fees, and punitive damages she is now seeking. Mot. Remand at 6. For that reason, her allegation about damages of at least $25,001 does not in itself suggest more than $75,000 is in controversy in this case.

In its notice of removal, FCA uses the vehicle's purchase price, i.e., $39,887.92, as an estimate of Ms. Massey's potential damages. *See* Not. Removal at 6–7; Opp'n at 5. FCA also calculates Ms. Massey's potential restitution under the Song-Beverly Act as the purchase price

1    minus a reduction of $5,857.38, based on the minivan's mileage of 26,512 at the time Ms. Massey
2    first brought the minivan in for repairs, for a total of $34,030.54.  *See* Not. Removal at 6–7 & n.1;
3    Compl. ¶ 14.  That calculation is specified in the California Civil Code under provisions
4    permitting manufacturers to make restitution rather than replacing a defective vehicle.  *See* Cal.
5    Civ. Code § 1793.2(d)(2).  Ms. Massey argues FCA has not justified its decision to use 26,512
6    miles to calculate the mileage offset.  *See* Mot. Remand at 9.  If instead a larger mileage figure
7    were used, such as the figures recorded at her later repair visits, *see* Compl. ¶¶ 15–19, then the
8    mileage offset would be higher, and her actual damages would be smaller.  *See* Mot. Remand at 9.
9    It is not necessary to resolve this dispute here, however.  Ms. Massey does not rely solely on the
10   Song-Beverly Act in her complaint.  She also asserts a claim for fraud.  *See* Compl. ¶¶ 143–61.  It
11   is reasonable to use the purchase price as a measurement of actual damages for her fraud claim,
12   given that where the defendant provides the purchase price, as here, there is no need to speculate
13   as to the measurement of damages.  *Cf. Amavizca v. Nissan N. Am., Inc.,* No. 22-02256, 2023 WL
14   3020489, at *4 (C.D. Cal. Apr. 19, 2023)

15         For these reasons, FCA has shown that at least $39,887.92 in actual damages is in
16   controversy.  If FCA can show that other remedies in dispute exceed $35,113.08 -- the difference
17   between $75,001 and $39,887.92 --, then it will have satisfied its obligation to show the amount
18   in controversy exceeds the jurisdictional minimum of $75,000.  The court finds FCA in fact has
19   done so by pointing to Ms. Massey's request for attorneys' fees and civil penalties.

20         First, as for attorneys' fees, "where an underlying statute authorizes an award of attorneys'
21   fees, either with mandatory or discretionary language, such fees may be included in the amount in
22   controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Future fees
23   may be included in this calculation.  *Fritsch v. Swift Transportation Co. of Ariz., LLC*, 899 F.3d
24   785, 795–96 (9th Cir. 2018).  District courts in California, including this court, apply this rule to
25   Song-Beverly Act claims.  *See, e.g.*, *Eguilos v. Volkswagen Grp. of Am., Inc.*, No. 22-00614,
26   2022 WL 2713273, at *5 (E.D. Cal. July 13, 2022) (citing *Brady v. Mercedes-Benz USA, Inc.*,
27   243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002)); *see also* Cal. Civ. Code § 1794(e)(1) ("[T]he
28   buyer shall recover damages and reasonable attorney's fees and costs . . .").  A defendant does

1  "'not need to prove to a legal certainty' a plaintiff will be awarded the proffered attorneys' fees in
2  the removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020)
3  (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)).  The
4  estimated attorneys' fees must be "reasonable." *See id.*  "The reasonableness of attorney's fees,
5  when such fees are not ascertainable on the face of the complaint, can be calculated by looking to
6  other attorney's fees awards in similar cases." *Sasso v. Noble Utah Long Beach, LLC,* No. 14-
7  9154, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (internal marks and citation omitted).

8      FCA has cited other Song-Beverly Act cases in which Ms. Massey's counsel has sought
9  more than $65,000 in attorneys' fees.  Opp'n at 8.  That estimate is consistent with what this court
10  has seen in similar cases.  As a general matter, "[a]ttorneys' fees in Song-Beverly Act cases
11  frequently reach into the tens of thousands, if not hundreds of thousands of dollars in the event of
12  a trial." *Eguilos*, 2022 WL 2713273, at *5 (citing *Quinonez v. FCA US, LLC*, No. 19-2032, 2022
13  WL 2007429, at *4 (E.D. Cal. June 6, 2022); *Warren v. Kia Motors Am., Inc.*, 30 Cal. App. 5th
14  24, 28 (2018)).  Here, the court finds FCA's identification of a fee award of at least $36,000 is
15  reasonable.

16      Second, as FCA points out, Ms. Massey seeks civil penalties under the Song-Beverly Act.
17  This court has determined defendants may rely on a plaintiff's requests for civil penalties to show
18  the amount in controversy exceeds $75,000 in a Song-Beverly Act case. *See Ferguson v. KIA
19  Motors Am. Inc.*, No. 20-01192, 2021 WL 1997550, at *3 (E.D. Cal. May 19, 2021).  The parties
20  disagree on the exact value of the likely penalties, but even if FCA had used the highest mileage
21  figure reported in the complaint, and thus the lowest restitution figure, it would be reasonable to
22  conclude that several thousands of dollars in penalties are in dispute.  Adding these penalties to
23  the purchase price and a reasonable estimate of attorneys' fees yields a total amount in
24  controversy of $155,663.76, in excess of the required $75,000.

25  /////
26  /////

## IV. CONCLUSION

FCA has shown the parties are completely diverse and the amount in controversy exceeds $75,000. The motion for remand is **denied.** This order resolves ECF No. 7.

IT IS SO ORDERED.

DATED: December 7, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE